---

(No. 14179.—Appellate Court reversed; municipal court affirmed.)
DAISY M. ROTHWELL, Appellee, *vs.* JOHN L. TAYLOR, Exr.
Appellant.

*Opinion filed April 19, 1922—Rehearing denied June 9, 1922.*

1. APPEALS AND ERRORS—*Supreme Court may review judgment of Appellate Court on question of law.* Where the judgment of the Appellate Court reversing the trial court in a suit at law is not the result of finding the facts different from the trial court but from holding that the trial court did not correctly apply the law to the facts, the Supreme Court may review the judgment of the Appellate Court on the question of law although the case was tried without a jury and no propositions of law were submitted in the trial court.

2. GIFTS—*unindorsed negotiable paper is proper subject of gift.* A negotiable ·instrument is the subject of a valid gift without indorsement or written assignment by the payee if delivered to the donee by the payee with intent to transfer the title, but the fact of indorsement bears upon the question of intention to make a gift.

3. SAME—*possession after death of owner is not sufficient evidence of gift.* Mere possession of property claimed by one as a gift, after the death of the owner, is not sufficient to prove a valid gift.

4. SAME—*party claiming property as a gift after death of donor is not competent to testify to circumstances of delivery.* In a replevin suit, the plaintiff, who claims the property as a gift and who was in possession of it after the death of the donor, is not competent to testify to the circumstances of the gift or what the donor said and did.

5. SAME—*proof of possession before death of the alleged donor does not make prima facie case of gift—burden of proof.* Proof of possession before the death of the alleged donor by the party claim-

ing the property as a gift is not sufficient to make a *prima facie* case of ownership, but the burden is on the donee to prove the gift by unequivocal and certain evidence. (*Martin* v. *Martin,* 174 Ill. 371, distinguished.)

6. SAME—*intent to pass title by delivery is essential to gift of chose in action.* To constitute a valid gift *inter vivos* of a chose in action there must be a delivery of the paper with intent to transfer the title.

7. SAME—*when mere proof of delivery does not establish intent to make gift.* Mere proof of delivery may tend to show intent, but where the donee lived with the donor proof of the delivery of unindorsed negotiable paper to the donee can be given but little consideration on the question of intent in a replevin suit after the donor's death.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

WINSTON, STRAWN & SHAW, (JOHN C. SLADE, of counsel,) for appellant.

ELA, GROVER & MARCH, (JUSTIN K. ORVIS, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court from the Appellate Court by appeal on a certificate of importance.

Daisy M. Hart, (now Rothwell,) appellee here but who will be hereafter referred to as plaintiff, brought a replevin suit in the municipal court of Chicago against John L. Taylor, (hereafter referred to as defendant,) individually and as executor of the will of Elizabeth Condell, deceased, to recover two promissory notes for $1300 and $300, respectively, and two certificates of deposit of money in a bank, one for $465, the other for $100. These notes and certificates were payable to Elizabeth Condell and were never indorsed by her. After her death defendant learned they

were in possession of plaintiff and demanded them as assets of the estate. She refused to give them up. Subsequently she placed them in the hands of her lawyer, with instructions not to deliver them to defendant without an order of court. Afterwards the lawyer did give them to defendant without any order of court and took a receipt from defendant stating that they were delivered to him but that such delivery was made under protest and without prejudice to plaintiff's rights.

Elizabeth Condell lived in Libertyville, Illinois, and died there August 26, 1917. She had lived alone until some time before her death, when plaintiff, who was her niece and a nurse, went to her house and stayed with and took care of her till she died. Deceased was a maiden lady, seventy-two years old. Benjamin· Miller, an attorney, testified he prepared a will for her which was executed July 4, 1917, by which, after providing for the payment of her debts and funeral expenses and the erection of a monument not to cost to exceed $200, she devised all the residue of her property to Miller, Taylor (defendant) and Eaton, as trustees, for the establishment of a hospital in Libertyville. Miller testified that about the first of August plaintiff called on him and told him her aunt desired to see him as early as convenient. He went to see her and she told him she wanted to change her will; that she wanted to give plaintiff the house and lot where she lived. He prepared another will giving the house, lot and furniture to plaintiff, and the residue of the testatrix's property was disposed of the same as in the will of July 4. Miller testified he feared plaintiff's influence had caused Miss Condell to make the change in her will, and when the last will was executed he inquired of her where she wanted the will kept and where she kept her papers and securities. Miss Condell requested him to keep possession of the will and told him she had her papers in her house in a bureau drawer. Miller, who is named as one of the trustees in the will, appears to have been

very solicitous that the notes and certificates should pass
to the hospital under the will and said he feared plaintiff
might influence her aunt to dispose of them otherwise. He
inquired if she thought that was a safe place to keep them,
and Miss Condell told him to go to the bureau drawer and
take out of a package an $18,000 mortgage and keep it with
the will. In the same envelope were the notes and certifi-
cates of deposit here in controversy. Miller asked what
she wanted done with them, and she told him to leave them
there; that she might want to get money on them, and that
she could do that if she wanted to. They were left in the
bureau drawer.

It is not denied that plaintiff was in possession of the
notes and certificates before and at the time of Miss Con-
dell's death, but they were never indorsed by Miss Con-
dell. Plaintiff claimed her aunt made a gift of them to
her and delivered them to her possession before her death.
After incompetent evidence, heard subject to objection, was
stricken out, the proof of a gift to plaintiff by her aunt is
plaintiff's claim of ownership and possession of the notes
and certificates before Miss Condell's death. There was
no proof that plaintiff's possession of the notes and certifi-
cates was not acquired pursuant to a gift by her aunt. If
they were a gift to plaintiff, indorsement was not essential
to pass the title but it would have been important in es-
tablishing a gift. The question then presented to the trial
court for decision was, whether plaintiff's claim of owner-
ship and possession of the unindorsed securities before the
death of her aunt was sufficient proof of her title and own-
ership to authorize a judgment in her favor against defend-
ant for their value. The trial court held that proof was
insufficient and rendered judgment for the defendant. The
plaintiff prosecuted an appeal to the Appellate Court for
the First District, and that court reversed the judgment and
entered judgment there for plaintiff for the face value of
the notes and certificates. The Appellate Court's judgment

was not the result of finding the facts different from the trial court but from holding the trial court did not correctly apply the law to the facts; that the facts proved on the trial as a matter of law entitled plaintiff to judgment.

One of defendant's contentions here is that a jury having been waived in the trial court and no propositions of law having been submitted no question of law was preserved for review by the Appellate Court, and for that reason the Appellate Court erred in reversing the judgment of the trial court. Counsel now say when the briefs were written the decisions of the Appellate Court for the First District were conflicting on that question, but it is now admitted that the question was settled contrary to defendant's contention in *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Chicago City Railway Co.* 300 Ill. 162. Counsel for plaintiff say no propositions of law were necessary; that the question for determination in the Appellate Court was one of fact, and the decision of that court on questions of fact is conclusive, and for that reason there is nothing for this court to pass on. We have seen this is a misapprehension. (*Sellers* v. *Thomas,* 185 Ill. 384.) Neither side now claims this court has not the power and right to review the judgment of the Appellate Court on questions of law.

It is now well settled by all the authorities that negotiable instruments are subjects of a valid gift without indorsement or written assignment by the payee, if delivered to the donee by the payee with intent to transfer the title. The burden of proof of the gift is on the donee to prove all facts essential to a valid gift. The essential facts are the delivery of property by the donor to the donee with intent to pass the title, and the great weight of authority is that the proof to sustain the gift must be clear and convincing. (*Maxler* v. *Hawk,* 233 Pa. St. 316; *In re Bolin,* 136 N. Y. 177; *Grey* v. *Grey,* 47 id. 552; *Chambers* v. *McCreery,* 106 Fed. 364; 45 C. C. A. 322.) Mere possession by one

claiming property as a gift, after death of the owner, is universally, we believe, held insufficient to prove a valid gift. The competent proof here shows plaintiff had possession of the notes and certificates a short time before her aunt's death and claimed title by gift. She was not competent to testify to the circumstances of the gift or what her aunt said and did, and there was no testimony on that question. The only facts proved show plaintiff had possession of the notes and certificates before Miss Condell's death and claimed to own them. This presents the question whether the proof met the requirements of the law as to what is necessary to pass title in such cases.

Plaintiff contends that the undisputed proof of her possession of the property before her aunt's death makes a *prima facie* case of her ownership, which defendant failed to overcome by contrary proof. In support of this contention great reliance is placed on *Martin* v. *Martin*, 174 Ill. 371. That case sustained a gift of unindorsed negotiable paper in litigation which arose after the death of the donor between his executors and the donee. Aside from the fact that the donee was in possession and claimed the property before the death of the donor there was other testimony tending to show the donor delivered the notes to the donee some time before his death with intent to pass title. The court made some observations on the presumption of title from possession and the effect that should be given to it, but it was evidently not intended to lay down a rule of law different from that found in other decisions of this court and the courts of other States generally. The decision of the case was correct, for other proof than possession of the donee warranted the conclusion that the donor delivered the notes to the donee with intent to pass the title thereby. In *Millard* v. *Millard*, 221 Ill. 86, a mother, after the death of her son, claimed title to certain money and securities as a gift from him. She obtained the possession before her son's death. This court held the burden was on the donee

to prove the gift by evidence not equivocal or uncertain, and said: "It was essential to prove that there was an intention on the part of the deceased to transfer the title and right of possession of the property to Jane H. Millard and that there was a delivery of the subject matter of the gift by which he parted with all control over it." That is the universally recognized rule by courts and text writers, we believe. See, also, *Barnum* v. *Reed,* 136 Ill. 388.

To constitute a valid gift *inter vivos* of a chose in action there must be a delivery of the paper with intent to transfer the title. (12 R. C. L. sec. 18, p. 941.) Mere proof of delivery may be some evidence tending to show intent, but under the circumstances shown in this case all the authorities are that but little consideration can be given to it. Let us assume that because plaintiff had possession of the notes and certificates before her aunt's death it must be presumed, unless the contrary is shown, that her aunt delivered them to her. Would the presumption also follow, as a matter of law, that the delivery was with intent to pass title? The intent to pass title by delivery is an essential element of a valid gift. Here the delivery is claimed to have been made a few days before Miss Condell's death. Must it be presumed such delivery was made with intent to pass title to plaintiff and for no other purpose? There is no proof whatever of the intent with which the delivery was made, and we find no case, under circumstances similar to those of this case, where the intent will be inferred from the fact, alone, of delivery. (14 Am. & Eng. Ency. of Law, 1050-51.)

The Appellate Court erred in rendering judgment for plaintiff. Its judgment is reversed and the judgment of the municipal court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*