Annie M. Peters, Administratrix of the Estate of Albert A. Sherman, Deceased, Appellant, v. Ella Woods, Appellee.

Heard in this court at the October term, 1928. Opinion filed February 1, 1929.

WILLIAM A. MILLS, for appellant.

HOLT & HOLT, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant filed her bill in chancery in which she averred that her intestate, in his lifetime and at the time of his death, was the owner of $450 in the First

National Bank of Sandoval, Illinois, evidenced by two certificates of deposit; that on September 26, 1927, appellee obtained possession of the said certificates; that the said intestate was not of sound mind and body at that time and was easily influenced by appellee to deliver to her the said certificates; that she had the same transferred to her name in said bank; that in procuring possession of the said certificates appellee employed undue influence and fraud upon the intestate who was then of unsound mind and easily influenced and that he did not know what he was doing, etc.

She further averred that the said sum of money and the interest thereon are the assets of the estate of her intestate, etc. In her answer to the bill, appellee admitted that the deceased was possessed of the said certificates of deposit on September 26, 1927, and that he gave and transferred the same to her and that she is the lawful owner thereof. She also denied that the intestate was of unsound mind at the time of the said gift and transfer, and denied that there was any fraud or undue influence, etc. Upon the hearing before the chancellor the bill was dismissed for want of equity at appellant's costs.

Appellee claims that the deceased made her a gift of the certificates in question. The law never presumes a gift, and the burden is on donee to prove by clear and convincing evidence the essential facts of a gift, which are the delivery of the property by the donor to the donee with intent to pass the title. *Bolton v. Bolton,* 306 Ill. 473. To constitute a valid gift *inter vivos* of a chose in action there must be a delivery of the paper with intent to transfer the title. The burden of proof of the gift is on the donee to prove all facts essential to a valid gift. The essential facts are the delivery of the property by the donor to the donee with intent to pass the title, and the great weight of authority is that the proof to sustain the gift must be clear and convincing. *Rothwell v. Taylor,* 303 Ill. 226.

While an equitable interest in negotiable instruments payable to order may be acquired by gift without indorsement by the payee, the mere possession of such paper is not alone evidence of title, either legal or equitable, in the possessor, but the burden of proof is on the possessor to prove his equitable title by showing a delivery to him with intent to pass the title. *Collins v. Ogden,* 323 Ill. 594; *Elvin v. Wuchetich,* 326 Ill. 285.

The cashier of the said First National Bank testified that appellee brought the two certificates of deposit to his bank and that she wrote the name of the deceased and her own name on the back of each of them and that he then issued to her a new certificate for the amount of the two old ones. He also said, "As I recall, Miss Woods mentioned the fact that Albert Sherman gave her these certificates, and I exchanged it on her endorsement on the old certificates."

A sister of the deceased testified that she asked appellee if she was using the deceased's money in caring for him; that the witness told her that she had heard it said that she was not and the witness asked her if she was and she said, "No." That witness told appellee she thought she ought to use the money of the deceased instead of her own and that appellee said she put the money in the bank for him to use when he got well. That was why she was not using it. She wanted him to use it when he got well. The deceased was living with appellee and was being cared for by her at the time the certificates of deposit were taken to the bank and exchanged for the new certificate. The deceased continued to live with appellee from August or September, 1927, until his death in January, 1928.

Appellee denied that she had the conversation with the sister of the deceased in the words as testified to by her. She admitted, however, that she said to the sister that she would not spend the money and if he got well she would give it back to him.

The foregoing was all of the evidence in any way bearing upon the making of the alleged gift. It seems to us that appellee has utterly failed to show by clear and convincing evidence that the certificates of deposit were delivered to her by the deceased with intent to transfer the title to the same to her.

Mere proof of delivery may tend to show intent to transfer title, but where the donee lives with the donor, proof of the delivery of unindorsed negotiable paper to the donee can be given but little consideration on the question of intent. *Rothwell v. Taylor, supra.* In that case the court said: "Must it be presumed such delivery was made with intent to pass title to plaintiff and for no other purpose? There is no proof whatever of the intent with which the delivery was made, and we find no case, under circumstances similar to those of this case, where the intent will be inferred from the fact, alone, of delivery." The testimony of appellee to the effect that she said she would not spend the money and if the deceased got well she would give it back to him tends to negative the idea that the certificates were delivered to her with the intent to transfer the title to her.

We are of the opinion that appellee failed to prove that the deceased made her a gift of the certificates and the decree is reversed and the cause remanded with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded with directions.*