**A. P. Poirot, Administrator Pro Tem of the Estate of John P. Gundlach, Deceased, Appellant, v. Aloys Gundlach, Appellee.**

Opinion filed March 6, 1936.

Eugene W. Kreitner and Farmer, Klingel & Baltz, all of Belleville, for appellant.

Kramer, Campbell, Costello & Wiechert and Norman J. Gundlach, all of East St. Louis, and Preston K. Johnson, of Belleville, for appellee.

Mr. Justice Stone delivered the opinion of the court.

On the fifteenth of June A. D. 1925, John P. Gundlach, Aloys Gundlach and Joseph E. Gundlach entered into a certain agreement in writing which is in words and figures as follows:

"This agreement made and entered into this fifteenth day of June, A. D. 1925, by and between John P. Gundlach, Aloys Gundlach and Joseph E. Gundlach, witnesseth:

"That whereas Aloys Gundlach is this day indebted to John P. Gundlach for the sum of Fifty-six Thousand Eight Hundred and twenty-eight and 81/100 ($56,828.81) Dollars, which amount has been agreed upon by John P. Gundlach and Aloys Gundlach to be correct, and whereas John P. Gundlach is desirous to have additional assurance of the payment of the same and whereas Aloys Gundlach and Joseph E. Gundlach are about to negotiate a lease upon their coal mining properties and the capital stock of the Caseyville Railway Co., with G. L. Tarleton and O. B. Schaefer with the option and privilege to buy said mining properties and said capital stock, now therefore it is agreed by

the parties hereto that if the above option is exercised that all the monies received in excess of One Hundred Thousand ($100,000.00) Dollars shall be applied on the above amount of Fifty-six Thousand Eight Hundred and twenty-eight and 81/100 ($56,828.81) Dollars, due John P. Gundlach from Aloys Gundlach until the same has been fully paid plus six per cent interest from this date until paid.

"Aloys Gundlach hereby agrees that the above is his personal obligation and if paid as provided above that he will reimburse Joseph E. Gundlach to the extent of one-half of the amounts paid.

"This agreement shall be binding upon our heirs, administrators, executors, successors and assigns.

"In witness whereof we have hereunto set our hands and seals the day and year first above written.

"John P. Gundlach (Seal)

Aloys Gundlach (Seal)

Joseph E. Gundlach (Seal)"

On November 11, 1929, John P. Gundlach suddenly died. On the fourth day of November, 1929, seven days before the death of John P. Gundlach he delivered to Miss Barbara Gerneth, his secretary, a package containing certificate of title to a piece of property, bonds, water stock and his executed copy of the above and foregoing instrument. There were three signed copies of this instrument. One was retained by John P. Gundlach, one by Aloys Gundlach and one by Joseph E. Gundlach. Joseph E. Gundlach was appointed administrator of the estate of John P. Gundlach and inventoried among the assets of said estate his copy of the foregoing instrument with the statement that he was unable to state what value if any it had and he therefore mentioned it without any statement as to its value.

On November 30, suit was brought in the circuit court of St. Clair county on the foregoing instrument which is known in this record as plaintiff's exhibit 2

by the Fidelity Trust Company as administrator *pro tem* of this estate. This company later resigned and was succeeded as plaintiff by A. P. Poirot as administrator *pro tem*. Many contentions arose as to the settlement of the pleadings in the case and it was finally brought to this court, 269 Ill. App. 665. We there held that the fourth count of the second amended declaration was a good count and made appropriate orders for the carrying out of that holding. The cause was reinstated in the circuit court and came to trial on said fourth count and a plea of the general issue. Before the issues, after reinstatement, were made up, defendant filed three special pleas, two of which raised the question of the statute of limitations. The fourth plea alleged that John P. Gundlach on, to wit, November 4, lawfully gave, surrendered and delivered to one Barbara Gerneth the chose in action mentioned in the fourth count of the second amended declaration and thereby all possession and ownership of said chose in action irrevocable passed to said Barbara Gerneth and that at the time of his death said John P. Gundlach was not, and the plaintiff as his administrator *pro tem* is not now and never was the owner of said chose in action. Said plea further alleges that the said Barbara Gerneth prior to this suit released and discharged the defendant of all claims or demands by reason of said chose in action. Demurrers were sustained to these special pleas.

Plaintiff appellant contends (1) that the non-negotiable instrument cannot be the subject of a gift, nor be assigned except in writing, and hence John P. Gundlach did not part with any interest in the instrument, but retained legal and equitable title thereto, and that said acknowledgment of indebtedness remained a part of his estate. (2) That the alleged donee, Barbara Gerneth, could not maintain suit on the instrument in her own name without complying with section 18 of the 1907 Practice Act, by filing her

affidavit alleging herself to be the actual bona fide owner, and that the provisions of said act should have been complied with in this case, which was not done. (3) That said Barbara Gerneth is an incompetent witness and her testimony is inadmissible to prove the gift to her from decedent. (4) That the defense that said instrument was given to Barbara Gerneth by decedent cannot be presented under the general issue. (5) That the question of the gift of the instrument to Barbara Gerneth is *res adjudicata* in this case. (6) That because there is not proof of a release to Aloys Gundlach by Barbara Gerneth, he is not released from his obligation to said estate, and (7) that the evidence if taken at its face value does not prove a gift or release.

Defendant-appellee contends:

1. That the instrument sued upon can be the subject of a gift without the necessity of a written assignment.

2. That the trial judge did not err in permitting testimony of the gift under the plea of nonassumpsit.

3. That the witnesses called on behalf of the appellee are competent to testify.

4. That there was clear, convincing, certain and unequivocable proof to sustain the gift.

5. That the trial court did not err in considering the testimony of Barbara Gerneth and Joseph E. Gundlach.

6. That the judgment is not erroneous and is sustained by the proof.

7. That the court did not err in entering judgment on behalf of appellee and against appellant.

8. That the judgment should be affirmed on behalf of appellee and for costs.

The case was tried before the court without a jury. The court found the issues for the defendant and entered judgment against plaintiff for costs. From said judgment plaintiff has appealed to this court.

Two questions are presented by this record: 1. Can the instrument herein sued upon be transferred by gift without the necessity of a written assignment? 2. Is there competent evidence in this record to prove that a gift to Miss Gerneth of the instrument in question was in fact made?

On the first question the great weight of modern authority is to the effect that it may be done. In Thornton on Gifts and Advancements, ch. 2, page 242, sec. 273, the author discusses the English law that choses in action could not be made the subject of gift without assignment. He there describes the change in the English rule as it was made in the case of *Veal v. Veal,* 27 Beav. 303, where the Master of the Rolls said:

"I also think that it is a much more healthy state of law that the validity of a gift should not depend on whether the testator had written his name on the back of the bills or not, if it is clear that he intended to give them away."

Many cases in Illinois and elsewhere hold that negotiable instruments may be the subject of a gift without indorsement, and by delivery with intent to pass title, such intention being manifested by words or conduct. *Martin v. Martin,* 174 Ill. 371; *Rothwell v. Taylor,* 303 Ill. 226.

If this may be said to be the settled rule, then it does not seem in reason to be a wide departure to say that a chose in action not negotiable may be transferred by gift by delivery and manifestation of intention without indorsement or assignment. The author in Corpus Juris indeed places them in the same class, citing a variety of authorities in the following language:

"The modern rule therefore is that a gift of a chose in action not negotiable and negotiable paper not endorsed may be consummated by delivery of the documentary evidence of it without a complete transfer of the legal title."

To the same effect is the law on this subject as laid down in 28 C. J. page 644, which is as follows:

"Every species of property, real and personal, legal or equitable, in possession, reversion or remainder, vested or contingent, incorporeal as well as corporeal, and including choses in action, may be the subject of a gift inter vivos."

And again on pages 657 and 658 of the same volume it is said:

"Where, however, the chose in action is evidenced by a written instrument, the general rule is that a valid gift thereof may be made by a mere delivery of the instrument, where the present intention of the donor to make such transfer is shown."

"The modern rule is that a gift of a chose in action not negotiable, and negotiable paper not endorsed may be consummated by delivery of the documentary evidence of it without a complete transfer of the legal title." 12 R. C. L. page 938.

Numerous authorities from various jurisdictions are to be found which hold the above and foregoing principles. One of the best illustrative cases, however, and a case in which the facts are very similar to the facts in the case at bar, is the case of *In re Huggins Estate,* 204 Pa. 167. In that case, after reciting the facts, which as said before are very similar to those in the case at bar, the court said:

"It cannot, we think, be controverted that a chose in action, such as notes, bonds, written contracts, and the like, held by donor may be the subject of a gift, either inter vivos or mortis causa (Thornt. Gifts, page 232, sec. 267), nor can it be controverted that a gift of a written contract, which calls for the payment of money to the donor, can be made by parol, and that a written assignment is not necessary where there is a delivery of the written contract by the donor to the donee, with the intention to make a gift of it and the money it

secures. To the objection that an unassigned written agreement calling for the payment of money to the donor cannot be made the subject of a valid gift inter vivos, it may be said: 'As a good and effectual equitable assignment of a chose in action may be made by parol, and as courts of law take notice and give effect to such assignments, there seems to be no good foundation for this objection. It is true that the cases, which are numerous, in which such equitable assignments have been supported, are founded on assignments for a valuable consideration; but there is little, if any, distinction in this respect between contracts and gifts inter vivos. The latter, indeed, when made perfect by delivery of the thing given, are executed contracts. By delivery and acceptance the title passes; the gift becomes perfect and is irrevocable. There is, therefore, no good reason why property thus acquired should not be protected as fully and effectually as property acquired by purchase. And so we think that a gift of a chose in action, provided no claim of creditors interferes to affect its validity, ought to stand on the same footing as a sale.' (Thornt. Gifts, p. 240, sec. 271.)'' . . .

We have been presented with no authority which seems to us sufficient to overcome the rule laid down by the above cited decisions and many more which are available.

It follows from the above considerations that we are of the opinion that the instrument in question was such as could be transferred by gift completed by delivery together with manifestation of intention to give and to divest the donor of any title or interest therein. If the gift in the case at bar was so completed it follows that John P. Gundlach could not recover it back and certainly could not bring suit upon it. If he could not bring suit upon it in his lifetime because he had parted with all interest in it, it goes without saying that his administrator could not.

We are now to consider whether there is competent evidence to show that the gift was in fact made. It is urged that proof of transfer of title to the instrument sued on cannot be shown under the plea of nonassumpsit. With this contention we cannot agree nor can we agree with the argument that the sustaining of a demurrer to the special plea is *res adjudicata* of the defense sought to be made. In suits of this character the plaintiff must prove title, right and interest in the instrument sued upon. The attempted proof in this case consisted only of the introduction of a copy of the instrument sued upon which was held by a third party. The plea of nonassumpsit put the question of title, right and interest of appellant in question and denied that appellant had any title right or interest therein. In *Benes v. Bankers Life Ins. Co.,* 282 Ill. 236, our Supreme Court said:

"It is well settled that nearly every defense is admissible, under the general issue or plea of nonassumpsit, which shows that there was not a subsisting cause of action in the plaintiff at the time the suit was brought. . . . Under such general issue the defendant may put in issue the plaintiff's capacity to sue, the execution of the contract and the release and satisfaction and payment of the debt, if made previous to the commencement of the suit."

That Miss Gerneth was an incompetent witness does not seem to us to be borne out at all by her status. She is not a party to the suit nor is she a person interested in the outcome thereof. Whatever interest she had had in the instrument sued on had been transferred before the suit and there is not evidence or circumstance tending to show that she had transferred her interest in the subject matter of the suit for the purpose of making herself competent as a witness. In our judgment she was a competent witness. She testified as to the circumstances surrounding the gift and as to the statement of the donor at the time the trans-

fer of title was made and of her subsequent transfer to Joseph for the use of Aloys Gundlach. The trial judge heard her evidence and obviously believed her story. We are unable to say that he erred in so believing and in acting upon her testimony in deciding the issue of the case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*