Gilbert S. Ellithorpe, Appellant, v. Pioneer Trust and Savings Bank, Appellee.

Gen. No. 46,164.

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮ Opinion

filed April 21, 1954. Rehearing denied May 19, 1954. Released for publication May 27, 1954.

WEIGHTSTILL WOODS, of Chicago, for appellant.

FIEDLER & AMBERG, of Chicago, for appellee; GEORGE FIEDLER, THOMAS AMBERG, and DANIEL R. LA BAR, all of Chicago, of counsel.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued to recover upon four cashier's checks, each in the sum of $500, issued by the defendant and payable to plaintiff. Upon a trial without a jury, the court found for the defendant and entered judgment accordingly. Plaintiff appeals.

This controversy arises out of the following circumstances: Plaintiff was president of the Lake-Dearborn Corporation. The company had its bank account with the defendant. On August 27, 1942, upon application by plaintiff to defendant bank, the latter issued the four cashier's checks in question, payable to plaintiff. Plaintiff had the amount of the checks charged to the account of the company. Plaintiff paid nothing for said checks. Subsequently, the company filed a complaint for accounting in the United States District Court for the Northern District of Illinois against plaintiff and his wife, charging plaintiff with fraud in connection with several transactions involving the company, among them the issuance of the four checks in question obtained by plaintiff with the money of the company, and charging an intent to defraud the company. The company made application in said suit for a preliminary injunction against present plaintiff and

254

his wife. Plaintiff filed an answer to said application, a hearing was had, and an injunction was issued by the United States District Court against plaintiff. The injunction, among other things, directed plaintiff to immediately endorse to the order of the company each of said four checks and deliver them to the company. The order contained a finding that the company was the rightful owner of said checks, and that they had been obtained from the bank with funds of the company.

Following the entry of said injunction order, plaintiff delivered said checks to the company but did not endorse them. On November 27, 1944, the company presented said checks to defendant bank for payment. They were paid by the bank by crediting the checking account of said company in the amount of $2,000.

Plaintiff appealed from the order of the United States District Court to the United States Circuit Court of Appeals for the Seventh Circuit. It does not appear from this record what disposition was made of that appeal. Subsequently, the United States District Court entered an order, which in part reads as follows:

"(2) That this suit be, and hereby is finally dismissed *with prejudice* as to any and all claims of Plaintiff, and of either of said Defendants, against all or any of said Intervenors, at any time arising out of any now existing cause or matter mentioned in this suit or the record hereof in any court.

"(3) That as to all other matters and persons, this suit be, and hereby is, finally dismissed *without prejudice* and without costs."

The bank was neither a party to said suit nor an intervenor therein.

Plaintiff seeks to recover in this action upon the theory that the endorsements upon the four checks

are forgeries, and that the bank is liable to him for paying the checks upon such forged endorsements. Plaintiff contends that since he did not endorse said checks, no title passed by his delivery of said checks to the company.

We cannot agree with plaintiff's theory and contention. Title to a negotiable instrument may pass by delivery, if the evidence establishes an intention to transfer title by delivery. *Rothwell v. Taylor,* 303 Ill. 226; *Martin v. Martin,* 174 Ill. 371. The Uniform Negotiable Instruments Act, Ch. 98, § 49, par. 69, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 89.069], provides:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transferer vests in the transferee such title as the transferee [transferer] had therein . . . ."

When, admittedly, plaintiff delivered the four checks to the company after the injunction order referred to was entered, it must be assumed that he did it to comply with that order, even though he did not endorse them as the order required. He did not deliver the checks to the company under protest nor indicate in any way that he reserved his right to claim title to the checks. It is clear to us that the company was the rightful owner of the checks, they having been procured with the funds of the company and not those of the plaintiff. Under these circumstances, in the absence of proof to the contrary, the delivery by plaintiff to the company of the checks without his endorsement sufficiently evidences an intent to transfer title, and his endorsement was therefore not required.

We find no merit in other questions raised.

The judgment is affirmed.

*Affirmed.*

Kiley and Lewe, JJ., concur.