## Thompson v. Thompson

*Raymond J. Falzone, Jr.,* for plaintiff.
*Charles F. Mayer,* for defendant.

SURRICK, *J.*, January 6, 1981—This case is an action in replevin brought by Rosalie Thompson against Abbott W. Thompson, her husband, seeking the return of a 1972 Mercedes Benz automobile. Defendant had seized the said vehicle from the possession and control of plaintiff while they were living separate and apart on September 24, 1979.

Pursuant to Pa.R.C.P. 1087, the matter was heard as a civil non-jury trial by this court on June 3, 1980. At the conclusion of the trial, we found in favor of plaintiff and made findings of fact and conclusions of law supporting that decision.

Defendant filed exceptions to the findings of the court and argument was held on those exceptions on September 15, 1980. After review of the entire matter, we believe that defendant's exceptions are without merit.

Defendant contends that plaintiff has failed to establish that she had the right to immediate and exclusive possession of the Mercedes automobile. This contention is primarily based upon the fact that the certificate of title to the said vehicle is in defendant's name.

Plaintiff on the other hand contends and the court so found that she is entitled to possession of the subject automobile because it was, in fact, given to her by defendant as a birthday present on her birthday, August 15, 1974, in Stone Harbor, N.J.

It is undisputed that the subject automobile was delivered to Stone Harbor on the date in question. Plaintiff, in addition to her own testimony, presented a total of seven witnesses, five of whom testified that defendant, with great ceremony, presented the keys to the subject automobile to plaintiff, at the same time indicating that he was giving the said vehicle to her as a birthday gift. Moreover,

plaintiff and several witnesses testified that, after this presentation in Stone Harbor both defendant and plaintiff treated the automobile as though it belonged only to plaintiff.

In spite of the overwhelming evidence of donative intent and exclusive possession by plaintiff, defendant contends that because he maintained the certificate of title for the subject automobile in his own name, plaintiff was not entitled to possession. In the various briefs filed in support of his position, the defendant relies heavily on the case of Brown's Estate, 343 Pa. 230, 22 A. 2d 821 (1941). Such reliance is misplaced.

The Brown case was an appeal from an orphan's court decision in a dispute between a decedent's estate and a son of decedent over, among other things, the possession of an automobile. The facts in relation to the automobile established only that decedent asked a third party to deliver the keys of said automobile to the appellee-son, just before decedent went into the hospital where she died. The court found, after analyzing all the evidence offered by the son, that there was simply insufficient evidence to support the proposition that decedent intended to give the automobile to the son. In so holding the Supreme Court made the following statement, 343 Pa. at 239-240, 22 A. 2d at 825-826:

"The omission on the part of the appellee Albert E. Brown to obtain a certificate of title issued in his own name, would subject him to the penalty imposed by section 201 of the Vehicle Code of May 1, 1929, P.L. 905, but such omission would not, of itself, defeat an otherwise valid gift to him of the Dodge sedan automobile by the mother, during her lifetime. See Braham & Co. v. Steinard-Hannon Motor Co., 97 Pa. Superior Ct. 19; Auto Bk. Corp. v.

Atlas A. Fin. Corp., 129 Pa. Superior Ct. 501, 509. And compare Connell's Estate, supra, 560-62. However, we are of opinion that the evidence relied upon by the son, in support of his averment of a gift inter vivos of the automobile, is insufficient to overcome the presumption of ownership in the decedent, arising by reason of the taking of title in her name and her retention of possession thereof, among her valuable papers, down to the time of her death. The evidence of statements by decedent of an intention to make a gift to the son at some future time is clearly insufficient, as is also the evidence that she executed the assignment on the back of the certificate of title, apparently in blank, in the absence of an unequivocal delivery to him of the certificate, during her lifetime."

The court went on to state:

"To make a valid gift there must have been not only an intention to make it but to do so at the time and not in the future, and it must be accompanied by an actual or constructive delivery to the donee by which the donor released all dominion over the property and invested the donee with full title . . . and control over the same."

In the instant case, the weight of the evidence clearly demonstrates the intention of defendant to make a valid inter vivos gift of the Mercedes automobile to plaintiff as a birthday present. There was an actual delivery of the vehicle to plaintiff who thereafter exercised complete dominion and control over it. The evidence was certainly sufficient to overcome any presumption of ownership created by the certificate of title.

It is clear under Pennsylvania law that although a certificate of title to an automobile is evidence of

ownership, it is not conclusive evidence of the ownership of that motor vehicle: Braham & Co. v. Steinard-Hannon Motor Co., 97 Pa. Superior Ct. 19 (1929); Summer's Estate, 424 Pa. 195, 226 A. 2d 197 (1967); Wasilko v. Home Mutual Casualty Co., 210 Pa. Superior Ct. 322, 232 A. 2d 60 (1967); Gibbs v. Tittleman, 369 F. Supp. 38 (E.D. Pa. 1973). In addition, the Vehicle Code, effective July 17, 1963, 75 Pa.C.S.A. §101 et seq., made it clear that the legislature anticipated that a certificate of title for a motor vehicle may be transferred by an action in replevin. The relevant section of that statute reads as follows:

"In the case of the transfer of ownership or possession of a motor vehicle, trailer or semi-trailer, by operation of law, as upon inheritance, devise or request, order in bankruptcy, insolvency, *replevin* or execution sale . . . it shall thereupon become the duty of the person from whose possession such motor vehicle, trailer or semi-trailer was taken . . . immediately to surrender the Certificate of Title for such motor vehicle, trailer or semi-trailer to the person to whom possession of such motor vehicle, trailer or semi-trailer has so passed." (Emphasis supplied.) 75 P.S. §208. (The Vehicle Code effective July 1, 1977).

Finally, defendant argues that when he purchased the subject vehicle, he did so by trading in another automobile and financing the balance of the purchase price of $7,800. Thus he contends that if plaintiff is entitled to immediate possession of the 1972 Mercedes Benz automobile, she should also take possession of and be responsible for the encumbrance on the vehicle created by the financing. We might be more receptive to this argument if

when defendant presented the Mercedes to plaintiff on August 15, 1974, in Stone Harbor, he had also given her the payment book for the vehicle. Such was not the case. In fact, defendant testified that he and not plaintiff made the payments to the finance company over the years. Obviously, defendant's intention was to give the vehicle to plaintiff encumbrance free.

For the foregoing reasons, we enter the following

## ORDER

And now, January 6, 1981, upon consideration of defendant's exceptions to the decision and order of this court dated June 3, 1980, it is ordered and decreed that the said exceptions be and the same are hereby dismissed and the decision and order of June 3, 1980, is affirmed.