2012 WY 46

**Denise MENDENHALL, Appellant (Defendant),**

v.

**MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a Wyoming insurance company, Appellee (Plaintiff).**

No. S–11–0189.

Supreme Court of Wyoming.

March 27, 2012.

Representing Appellant: Jeffrey J. Gonda and Amanda K. Roberts of Lonabaugh and Riggs, LLP, Sheridan, Wyoming. Argument by Ms. Roberts and Mr. Gonda.

Representing Appellee: George E. Powers, Jr. and J. Zachary Courson of Sundahl, Powers, Kapp & Martin LLC, Cheyenne, Wyoming. Argument by Mr. Powers.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Denise Mendenhall (Mendenhall), was injured when she was involved in a motor vehicle accident. The other vehicle involved in the accident, a 1997 Ford truck, was listed on two different insurance policies: an Allstate Insurance Company (Allstate) policy issued to Jeremy Lucas (Lucas) and a Mountain West Farm Bureau Mutual Insurance Company (Mountain West) policy issued to Wyoming Electric Company, Inc. (Wyoming Electric). The Appellee, Mountain West, filed a complaint for declaratory judgment, requesting that the district court find that Mountain West did not have to cover the truck under the policy because the person driving the truck at the time could not be considered an "insured." Mendenhall and Mountain West filed cross-motions for summary judgment. The district court granted summary judgment in favor of Mountain West, finding that the owner of Wyoming Electric had given the truck to Lucas and, therefore, the truck was no longer covered under the company's insurance policy. Mendenhall appeals the district court's decision, arguing that Mountain West should be required to pay under the policy because the truck was titled and registered in the name of Wyoming Electric, and was still listed as a specific vehicle on the Mountain West policy. We affirm the district court's order.

## ISSUE

[¶ 2] Whether the district court erred when it determined that ownership of the 1997 Ford truck passed by an *inter vivos* gift from Wyoming Electric to Lucas before the date of the accident.

## FACTS

[¶ 3] In January 2008, Lucas told David Nelson (Nelson), the owner of Wyoming Electric, that he was looking to acquire a pickup truck. Nelson decided to give Lucas one of the old company trucks. Lucas took the keys to the 1997 Ford truck from the Wyoming Electric office, took possession of the truck, and retained possession of the truck. Lucas was responsible for all the expenses associated with the truck, and on January 29, 2008, he added the truck to his Allstate automobile insurance policy. Nelson and Wyoming Electric did not exercise any control over the truck after Lucas drove it off the company lot. However, Nelson and Lucas did not apply for a new certificate of title reflecting Lucas as the owner of the truck until April 16, 2008. Additionally, the truck's registration and plates remained in Wyoming Electric's name and the truck was

not removed from Wyoming Electric's Mountain West insurance policy.

[¶ 4] On March 3, 2008, while using the truck with Lucas' permission, Alicia Rocovits was involved in a motor vehicle accident, causing injuries to Mendenhall. After the accident, Mendenhall submitted claims to Allstate and Mountain West. Mountain West denied coverage and filed a petition for declaratory judgment, seeking an order that it did not have to provide coverage under Wyoming Electric's policy.

## STANDARD OF REVIEW

[¶ 5] When reviewing a district court's decision to grant a motion for summary judgment, this Court uses the following standard of review:

> Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, 1055 (Wyo.2002). "A genuine issue of material fact exists when a dispute of fact, if it were proven, would establish or refute an essential element of a cause of action or a defense that the parties have asserted." *Id.* Because summary judgment involves a purely legal determination, we undertake *de novo* review of a trial court's summary judgment decision. *Glenn v. Union Pacific R.R. Co.*, 2008 WY 16, ¶ 6, 176 P.3d 640, 642 (Wyo.2008).

*Hageman v. Goshen Cnty. Sch. Dist. No. 1*, 2011 WY 91, ¶ 5, 256 P.3d 487, 491 (Wyo. 2011) (quoting *Jacobs Ranch Coal Co. v. Thunder Basin Coal Co., LLC*, 2008 WY 101, ¶ 8, 191 P.3d 125, 128–29 (Wyo.2008)).

## DISCUSSION

[¶ 6] Mendenhall claims that the district court erred when it granted summary judgment in favor of Mountain West, finding that Wyoming Electric no longer owned the 1997 Ford truck and, therefore, Mountain West

did not have to provide coverage for the truck. Specifically, Mendenhall argues that the district court should have determined that, because Wyoming Electric was still listed as the vehicle owner on the certificate of title and registration, Wyoming Electric was still the legal owner of the truck at the time of the accident. While the parties' briefings in this case are extensive, the question can be narrowed down rather succinctly: As a matter of law, can an *inter vivos* gift overcome the presumption of ownership in a certificate of title? We find that it can, and specifically does so here.

[¶ 7] It appears that both parties agree that we must look to Wyoming law to find the definition of "owner" as used in the insurance policy, as there is not a definition of owner contained in the policy. Mendenhall focuses on Wyo. Stat. Ann. § 31–1–101(a)(xiv) (LexisNexis 2011) of the motor vehicle statutes, which states: " 'Legal owner' means all persons in whose name a valid certificate of title has been issued[.]" Further, Wyo. Stat. Ann. § 31–1–101(a)(xviii) (LexisNexis 2011) defines "owner" as:

> (A) The legal owner as defined by W.S. 31–1–101(a)(xiv); or
>
> (B) A person, other than a lienholder, who leases a vehicle and is entitled to lawful use and possession of a vehicle subject to a security interest in another person but excluding a lessee under a lease not intended as security.

[¶ 8] While, on its face, the definition of "legal owner" appears fairly straightforward, the other motor vehicle statutes demonstrate that the legislature did not intend for the name on the certificate of title to be the decisive factor in determining ownership of a motor vehicle in all cases. In fact, Wyo. Stat. Ann. § 31–2–103(d) (LexisNexis 2011) specifically states that, "[c]ertificates of title are valid for the vehicle so long as the vehicle is owned or held by the person in whose name the title was issued. A certificate of title is prima facie proof of ownership of the vehicle for which the certificate was issued." [1]

---

1. We have previously defined *prima facie* evidence as " 'evidence which, if unexplained or uncontradicted is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence.' " *Evans v. State*, 655 P.2d 1214, 1221 (Wyo.1982) (quot-

This statute makes clear that the legislature anticipated that a certificate of title may reflect the name of an individual who is no longer the "owner" of the vehicle, rendering the certificate invalid. While a certificate of title may reflect the presumed owner of a vehicle, that presumption may be overcome by other evidence.

[¶ 9] "It is well established that '[a]ll kinds of personal property which are capable of manual delivery and of which the title either legal or equitable can be transferred by delivery may be the subject-matter of a valid gift.'" *McKinney v. Timber Equip., Inc.*, 160 Ga.App. 900, 288 S.E.2d 610, 611 (1982) (quoting *Underwood v. Underwood*, 43 Ga.App. 643, 159 S.E. 725, 726 (1931)); *see also Poirot v. Gundlach*, 284 Ill.App. 349, 1 N.E.2d 801, 803 (1936) ("Every species of property, real and personal, legal or equitable, in possession, reversion or remainder, vested or contingent, incorporeal as well as corporeal, and including choses in action, may be the subject of a gift inter vivos."). In Wyoming, three elements must be present before personal property can be transferred through a valid *inter vivos* gift: "(1) a present intention to make an immediate gift; (2) actual or constructive delivery of the gift that divests the donor of dominion and control; and (3) acceptance of the gift by the donee." *Kenyon v. Abel*, 2001 WY 135, ¶ 10, 36 P.3d 1161, 1165 (Wyo.2001).

[¶ 10] The parties agree that Nelson gave Lucas the truck; that Lucas removed the keys from the Wyoming Electric office and took possession of the truck; that Lucas was responsible for all expenses associated with the truck and purchased insurance; and that Nelson and Wyoming Electric did not exercise any further control over the truck. The fact that Nelson gave Lucas the truck, and allowed him to leave with possession of the truck, demonstrates that Nelson had the present intention to make an immediate gift. Additionally, the stipulated facts show that Nelson actually delivered the truck to Lucas, divesting himself of dominion and control. Finally, the facts show that Lucas accepted the truck when he drove it off Wyoming Electric's property and took responsibility for all expenses related to the truck. The undisputed facts, as applied to the elements of a gift, clearly demonstrate that Nelson transferred ownership of the truck to Lucas through an *inter vivos* gift.

[¶ 11] Mendenhall argues that Nelson could not complete the *inter vivos* gift to Lucas without transferring the title into Lucas' name. We disagree. The elements of an *inter vivos* gift do not contain a special element requiring the transfer of title if an automobile is at issue. Our focus, again, is on Wyo. Stat. Ann. § 31–2–103(d), which states that a certificate of title simply is **prima facie proof of ownership,** and that a certificate of title is valid only so long as the vehicle is owned by the person whose name is on the title. Further, there is nothing in the statutes that states that a transfer of ownership is void if the buyer or seller fails to comply with the motor vehicle statutes.

[¶ 12] Instead, we agree with the Restatement of Property with respect to how a certificate of title plays into the transfer of property via an *inter vivos* gift:

i. *Tangible personal property subject to registered title.* Controlling federal or state law requires registration of the title to certain items of personal property, such as automobiles, boats, or airplanes. The delivery of that type of personal property to an intended donee, or to a third person for the intended donee, with donative intent is effective as between the donor and the donee to place the ownership of the personal property in the donee. The adverse consequences of the failure to register the personal property in the name of the donee depend on the terms of the registration law. The donor's failure to follow the specified procedure for making the transfer casts doubt on the claim of donative intent. Consequently, the donee must establish donative intent by clear and convincing evidence. If the donee carries that burden of proof, the donee may require the donor or the donor's successors to do whatever is necessary to have the title properly registered in the donee's name.

ing *State v. Haremza,* 213 Kan. 201, 515 P.2d 1217, 1222 (1973)).

Restatement (Third) of Prop.: Wills & Donative Transfers § 6.2(i) (2003). Since the motor vehicle statutes do not render a transfer void if the parties fail to comply with the statutes, and there is no dispute that Nelson's intent was to give Lucas the truck, the fact that the title was not immediately transferred has no bearing on Lucas' ownership interest in the truck.

[¶ 13] We also are persuaded that this is the proper conclusion after a review of case law from jurisdictions with motor vehicle statutes similar to Wyoming's. In *Brackin v. Brackin*, 894 N.E.2d 206 (Ind.Ct.App. 2008), the Indiana Court of Appeals had to determine whether the husband had given an automobile to his wife through an *inter vivos* gift, although husband and wife were both named on the certificate of title. *Id.* at 208, 210. The court recognized that Indiana law parallels the Restatement, and that a certificate of title is "indicia of ownership and control" but "is not itself proof of ownership or legal title to the vehicle." *Id.* at 212 (internal quotation marks and citations omitted). Thus, while there is a presumption that the person named on the certificate of title is the owner, that presumption may be overcome by clear and convincing evidence of the donor's intent to gift the vehicle. *Id.* The court did not create a bright line rule that any evidence of a gift, standing alone, may overcome the presumption of ownership when a name is on a certificate of title, but did hold that:

> ... this court must consider the totality of the circumstances surrounding the gift in question to determine the existence of donative intent. However, we hold, as a matter of law, that where, as here, there is uncontroverted evidence of clear and decisive words of gift and an absence of any evidence to negate donative intent, such evidence clearly and convincingly establishes donative intent despite the presumption to the contrary created by the donor retaining his name on the certificate of title.

*Id.; see also Johnson v. Tomlinson (In re Tomlinson)*, 347 B.R. 639, 642 (Bankr. E.D.Tenn.2006) (it is the intent of the parties and not the certificate of title that deter-

mines ownership of an automobile); *O'Fallon v. O'Fallon*, 341 Ark. 138, 14 S.W.3d 506, 508 (2000) (the intent of the donor can negate the fact that the certificate of title was not transferred); *In re Estate of Curry*, 143 Misc.2d 252, 254, 255, 540 N.Y.S.2d 152 (N.Y.Sur.Ct. 1989) (The certificate of title is only *prima facie* evidence of the facts appearing on it. Further, the question of whether the automobile was gifted was a proper question under the common law of gifts and not under the vehicle and traffic law.); *Thompson v. Thompson*, 16 Pa. D. & C.3d 778, 781–82, 1981 WL 905 (Pa. C.P.1981) ("although a certificate of title to an automobile is evidence of ownership, it is not conclusive evidence of the ownership of that motor vehicle").

[¶ 14] We find that, although the certificate of title was still in Wyoming Electric's name, there is uncontroverted clear and convincing evidence that Nelson intended to give the truck to Lucas and, therefore, at the time Lucas accepted the truck, the *inter vivos* gift was complete. We decline to find that, as a matter of law, the person or entity named on the certificate of title is the owner, and we note that to do otherwise would render the *"prima facie"* language in Wyo. Stat. Ann. § 31–2–103(d) meaningless. *See Crain v. State*, 2009 WY 128, ¶ 9, 218 P.3d 934, 939 (Wyo.2009) ("we will not construe statutes in such a manner as to render any portion of the statute meaningless"). The district court did not err when it determined that, based upon the stipulated facts presented by the parties, Wyoming Electric no longer owned the 1997 Ford truck and Mountain West was not obligated to pay for Mendenhall's damages under Wyoming Electric's policy.

## CONCLUSION

[¶ 15] Ownership of the 1997 Ford truck passed from Nelson to Lucas via an *inter vivos* gift in January 2008, and before Mendenhall was injured. Therefore, on the date of the accident, Wyoming Electric no longer owned the truck and it was no longer covered under the Mountain West insurance policy. The district court did not err when it deter-

mined that Mountain West did not have to cover Mendenhall's injuries.

[¶ 16]   We affirm.